965 F.2d 1064
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William R. BARRY, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3032.
 United States Court of Appeals, Federal Circuit.
 April 15, 1992.
 
 Before PLAGER, Circuit Judge, BENNETT, Senior Circuit Judge, and LOURIE, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Petitioner Barry appeals the decision of the Merit Systems Protection Board, Docket No. SF07319110155, September 11, 1991, that he was not suitable for employment as an air traffic control specialist with the United States Marine Corps Air Station, El Toro, California. The President's directive of December 9, 1981, stated that the discharged air controllers should not be deemed suitable for employment in positions within the scope of their former positions with the FAA. See also 5 U.S.C. § 7311(3) (1988). The Office of Personnel Management (OPM) found Barry ineligible because he had been removed from his position as an air traffic controller by the Federal Aviation Administration for participation in the illegal strike against the United States in August 1981. On March 1, 1991, after a hearing which was held at Barry's request, the administrative judge affirmed the OPM's decision. This decision became final when the full board declined review for failure to meet the criteria for review. 5 C.F.R. § 1201.115 (1991). We affirm.
 
 DISCUSSION
 
 2
 The appeal contends that OPM had no jurisdiction to rule on Barry's suitability because he sought a transfer to the position at El Toro, California, and that this is an action excluded from OPM review under 5 C.F.R. § 731.301(a)(1)(i), (vi). The trouble with this view is that the President's directive of December 9, 1981, effectively vested OPM with authority to determine suitability of the discharged air traffic controllers in all situations, including transfers. In other words, the President's directive overrode or superseded the regulation. Korte v. Office of Personnel Management, 797 F.2d 967, 970 (Fed.Cir.1986). The directive clearly instructs OPM to apply the standards and procedures of 5 C.F.R. § 731 only when the application is for a position outside the scope of an air traffic controller's prior position with the FAA. Any other reading of the directive renders its primary purpose a nullity. Absurd and whimsical results interpreting the law are to be avoided. This court has previously held that it is difficult to imagine more precise or explicit language to state that the striking controllers were not to be employed as such by the FAA in new positions and that the ban on such employment is indefinite. Wagner v. Office of Personnel Management, 783 F.2d 1042 (Fed.Cir.), cert. denied, 477 U.S. 906 (1986). The base at El Toro, California, to which petitioner sought transfer is explicitly identified as a facility where discharged air controllers could not be reemployed in comparable positions. The compiling of the "debarment list" by the OPM has been found to have been a correct action implementing the President's directive. See Meyer v. Office of Personnel Management, 767 F.2d 868, 870 (Fed.Cir.1985).
 
 
 3
 The Office of Personnel Management properly exercised its authority in finding petitioner unsuitable for employment in a position which was within the scope of his former employment as an air traffic controller and that this negative suitability determination promoted the efficiency of the service and the safe and effective performance of our national air traffic control system. Under the court's limited review authority, 5 U.S.C. § 7703 (1988), we must uphold the decision of the Merit Systems Protection Board unless it is arbitrary, capricious, an abuse of discretion or otherwise not in accordance with law, unsupported by substantial evidence or obtained without procedures lawfully required. Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed.Cir.1984).
 
 
 4
 We find no such defects in the board's decision upholding the OPM's finding that the transfer sought was not authorized by law and therefore affirm its decision.